Nov. Term, 1845.

Newhouse
v.
Hill.

*W. W. Wick* and *L. Barbour,* for the plaintiff.

---

## Newhouse and Another *v.* Hill.

*Held*, that a bill in chancery filed by the obligee of a title-bond in possession of the premises, to enjoin an action of ejectment brought on the demise of the obligor's grantee, should allege that possession of the premises had been demanded of the complainant before the action of ejectment was brought. *Held*, also, (as the complainant was to have the title when he paid the purchase-money) that the bill should aver that the purchase-money had been paid.

The obligee of such bond mortgaged it to *A.*, and the latter afterwards obtained the legal title to the premises from the obligor and gave up the bond to him. *Held*, that a bill filed by the mortgagor against the mortgagee and obligor to set aside that transaction between the defendants could not be sustained; the transaction not being of any injury to the complainant.

A prayer in such bill, that the mortgagee be decreed to file a bill of foreclosure against the complainant, is mere surplusage.

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—*Hill* filed a bill in chancery against *Newhouse* and *Robinson* in 1842.

The bill states, that *Hill* was the owner of two certificates for tracts of canal land, and of a title-bond for twenty acres of land, part of another tract of canal land; that the title-bond was executed by *Robinson* to *Hill*, and contained a condition, that if *Hill* should pay *Robinson* ninety dollars as therein mentioned, and should also, whenever *Robinson* should pay the state the amount due on the tract of land of which the twenty acres were a part, pay him twenty-two dollars and fifty cents with interest, *Robinson* would, on receiving a patent, make *Hill* a deed for the twenty acres of land; that *Hill* had paid the ninety dollars, and was ready to pay the twenty-two dollars and fifty cents with interest whenever requested; that *Hill* mortgaged his said two canal certificates, and the title-bond, to *Newhouse* to secure the payment of a certain debt, &c.; that *Newhouse*, afterwards, prevailed on *Robinson* to pay, or paid himself, the amount due the state on the tract of land of which the twenty acres were a part, and fraudulently procured from *Robinson*, who had notice of all the circumstances, a deed for the twenty acres of land without *Hill's* knowledge; that *Newhouse*, on getting the legal title from *Robinson* as aforesaid, gave up to him the title-bond; and that *Newhouse* has brought an action of ejectment to put *Hill* out of possession. The prayer is, that the transaction mentioned in the bill between *Newhouse* and *Robinson* be set aside; that *Newhouse* file a bill of foreclosure against *Hill*; and that the action of ejectment be enjoined.

Demurrer to the bill; demurrer overruled; and a decree rendered for the complainant as prayed for by the bill.

The Court erred in overruling the demurrer. The bill does not make out a case to authorize the action of ejectment to be enjoined, first, because, by omitting to allege that the possession of the premises had been demanded of the complainant before the action was brought, it does not appear but that he has a defence at law to that action; and, secondly, because it omits to allege a payment or tender of the twenty-two dollars and fifty cents with interest, which were due as a part of the purchase-money for the twenty acres of land.

Nov. Term, 1845.

NEWHOUSE
v.
HILL.

*Tuesday, December* 23.

Nov. Term,
1845.

Again; the statement in the bill as to the conveyance of the legal title by *Robinson* to *Newhouse* of the twenty acres of land, and the giving up, by the latter to the former, of the title-bond for the same, does not show a transaction by which *Hill* could be injured, or of which he ought to complain. He has the same right to file a bill against *Newhouse* to redeem that he had before, after having paid or tendered the mortgage-debt, &c.; and, besides, upon the payment or tender, he may now obtain from *Newhouse* a legal title to the twenty acres of land.

The prayer of the bill, that *Newhouse* be decreed to file a bill to foreclose is mere surplusage. *Newhouse* must be at liberty to file such bill or not as he may think proper.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*D. Wallace*, for the plaintiffs.

*R. Brackenridge*, for the defendant.